15CV3725

RECEIVED
MAY -1 2015
PRO SE OFFICE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
MYNOR FEDERICO NUNEZ BALTAZAR              :
                                           :
      Plaintiff,                           :  Docket#
                                           :
                                           :
           v.                              :  COMPLAINT
                                           :  PLAINTIFF REQUEST
NEW YORK STATE DIVISION OF HUMAN RIGHTS et al:  TRIAL BY JURY
                                           :
      Defendants.                          :
------------------------------------------------X
```

Plaintiff Mynor Federico Nunez Baltazar "Plaintiff", *Pro Se*, for his Complaint against Defendants New York State Division of Human Rights et al "Defendants" alleges as follows:

## INTRODUCTION

1. Plaintiff filed this action based on *42 U.S. Code § 1983 - Civil action for deprivation of rights* and *18 U.S. Code § 241 - Conspiracy against rights*, a practice that Defendants began August 13, 2014 and which has continued unabated despite demand by Plaintiff that Defendants stop this unlawful action.

2. Defendants are effectively preventing Plaintiff from being his own Pro Se *"attorney"* and pursue causes of action stemming from a complaint by Plaintiff with Defendants [Case No. 10166310], in any Court of appropriate jurisdiction, without the help from the attorneys or agents of the New York State Division of Human Rights in violation of Plaintiff's constitutional rights to access the courts and due process and in violation of § 297 9 of the N.Y. Executive Law, Article 15.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 3613. This Court has supplemental jurisdiction over the New York State law, New York City law, and Common Law claims pursuant to 28. U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are incorporated and conduct business in this District while Plaintiff resides in this District. In addition,

venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all parts of the events giving rising to the claims occurred in this District.

## THE PARTIES

5. Plaintiff Mynor Federico Nunez Baltazar "Baltazar" is an individual residing at 3859 Third Avenue Suite# 808 Bronx, New York 10457.

6. Defendants NYSDHR is an agency created pursuant to EXEC. LAW § 293 (McKinney 2010). According to the NYSDHR website, the NYSDHR was created to enforce the Human Rights Law of the State of New York, EXEC. LAW §§ 290-301 (McKinney 2010 & 2013). The NYSDHR has an office located at One Fordham Plaza, Fourth Floor, Bronx, New York 10458. Defendants was acting under color of state law at all times. The deprivation of rights was conducted by at least three NYDHR employee's which constitute a conspiracy [et al].

## FACTUAL ALLEGATIONS

7. Defendants are unlawfully preventing Plaintiff from acting on his own behalf on causes of action that cannot be brought before court until Plaintiff gets consent from Defendants as articulated in § 297.9 of the N.Y. Executive Law, Article 15 and :

> "Any party to a housing discrimination complaint shall have the right within twenty days following a determination of probable cause pursuant to subdivision two of this section to elect to have an action commenced in a civil court, and an attorney representing the division of human rights will be appointed to present the complaint in court, or, with the consent of the division, the case may be presented by complainant's attorney" --§ 297.9 of the N.Y. Executive Law, Article 15

8. Plaintiff timely requested on June 16, 2014; August 13, 2014; April 8, 2015; and April 20, 2015 that Defendants cease representing his legal claims and instead allow him to bring a private lawsuit in a Court of appropriate jurisdiction as allowed by § 297.9 SEE EXHIBIT 1. By performance Defendants

have refused to allow Plaintiff the right to self representation and his constitutional rights to access the courts and due process.

## FIRST CAUSE OF ACTION
*First Amendment Deprivation of Rights to Access Courts*

9. Plaintiff repeats and realleges the foregoing paragraphs of its complaint as though fully set forth herein.

10. In depriving Plaintiff the right to represent himself in court, Defendants have deprived Plaintiff of his right to access the courts as allowed by the First Amendment.

11. Defendants' deprivation of Plaintiff's rights caused Plaintiff damages.

12. Defendants willfully, knowingly and purposefully and/or deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the Defendants.

## SECOND CAUSE OF ACTION
*Fourteenth Amendment Deprivation of Due Process*

13. Plaintiff repeats and realleges the foregoing paragraphs of its complaint as though fully set forth herein.

14. In depriving Plaintiff the right to the due process codified in § 297.9 of the N.Y. Executive Law, Article 15, Defendants have deprived Plaintiff of his right of due process as allowed by the Fourteenth Amendment.

15. Defendants' deprivation of Plaintiff's rights caused Plaintiff damages.

16. Defendants willfully, knowingly and purposefully and/or deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the Defendants.

## THIRD CAUSE OF ACTION
*18 U.S. Code § 241 - Conspiracy against rights*

17. Plaintiff repeats and realleges the foregoing paragraphs of its complaint as though fully set forth herein.

18. The deprivation of rights was conducted by at least three NYDHR employee's which constitute a conspiracy.

19. Defendants' deprivation of Plaintiff's rights caused Plaintiff damages.

20. Defendants willfully, knowingly and purposefully and/or deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court issue judgment ordering Defendants to allow plaintiff to be his own Private Attorney; a declaratory judgment in Plaintiff's favor, and against Defendants, providing that Defendants' conduct denies the plaintiff the right to free access to the Courts; award punitive damages to said plaintiff from the Defendants to the extent allowable by law; award to said plaintiff from Defendants, jointly and severally, the costs of this action, and pre and post-judgment interest; and grant such other relief as the Court may deem just and proper.

Dated: 1st day of May, 2015

Respectfully Submitted,

By: _____
Mynor Federico Nunez Baltazar, *Pro Se*
*Attornatum Ad Bellum, Pro Se*
3859 Third Avenue, Suite# 808
Bronx, New York 10457
Telephone: 917-504-5968

## **JURY TRIAL DEMAND**

  Mynor Federico Nunez Baltazar, Plaintiff, hereby demands a jury trial on all issues so triable.

Dated: 1st day of May, 2015

                 Respectfully Submitted,

               By: _[signature]_
                  Mynor Federico Nunez Baltazar
                  *Attornatum Ad Bellum, Pro Se*
                  3859 Third Avenue, Suite# 808
                  Bronx, New York 10457
                  Telephone: 917-504-5968

# EXHIBT 1

Exhibit 3

NEW YORK STATE
DIVISION OF HUMAN RIGHTS
-----------------------------------------X
NEW YORK STATE DIVISION OF HUMAN RIGHTS :
on the Complaint of                     :
                                        :
MYNOR NUNEZ                             :
                    Complainant,        :   **COURT ACTION IS ELECTED BY**
                                        :   **COMPLAINANT**
            v.                          :
                                        :   **Case No.**
LANTERN MANAGEMENT GROUP, LLC, CATHY LEE:   **10166310**
BATISTA, LANTERN ORGANIZATION,          :
LINDENGUILD, LP,                        :                RECEIVED
                    Respondents         :
-----------------------------------------X

To:

| Office of General Counsel<br>New York State Division of Human Rights<br>One Fordham Plaza, 4th Floor<br>Bronx, New York 10458 | Chief Calendar Clerk<br>New York State Division of Human Rights<br>One Fordham Plaza, 4th Floor<br>Bronx, New York 10458 |
|---|---|
| Lantern Management Group, LLC<br>Attn: Jessica Katz<br>49 West 37th Street, 12th Floor<br>New York, NY 10018 | Cathy Lee Batista<br>Lantern Community Services Inc.<br>3859 Third Avenue<br>Bronx, NY 10457 |
| Lantern Organization<br>49 West 37th Street, 12th Floor<br>New York, NY 10018 | Lindenguild, LP<br>49 West 37th Street, 12th Floor<br>New York, NY 10018 |
| Sperber, Denenberg & Kahan, P.C.<br>Attn: Eric Kahan, Esp.<br>48 West 37th Street<br>New York, NY 10018 | Mynor Federico Nunez Baltazar<br>3859 Third Avenue Suite# 808<br>Bronx, New York, 10457 |

0. Pursuant to § 297.9 of the Human Rights Law, I Mynor Federico Nunez Baltazar, (herein "MYNOR NUNEZ") present this Written Notification of my election of Court Action, vacating a Hearing, to the Office of General Counsel, the Chief Calendar Clerk, and to Respondents. I comment that I received the DETERMINATION AFTER INVESTIGATION late, due to it being *"Returned For Additional Postage"* to the Division. Please augment time limit; **I received said document on 6/13/2014.**

I declare under penalty of perjury that the foregoing is true and correct.
**Executed on 6/16/2014 by:** _____

Mynor Federico Nunez Baltazar
3859 Third Avenue Apt# 808
Bronx, NY 10457

Division of Human Rights
Att: Arlyne R. Zwyer, Esq.
One Fordham Plaza, Fourth Floor
Bronx, New York 10458

Exhibit 4

Re:   Mynor Nunez v. Lantern Management
      Group, LLC., Cathy Lee Batista,
      Lantern Organization, Lindenguild, L.P.
      Case No. 10166310

RECEIVED
AUG 1 3 2014
External Affairs

## PRIVATE REPRESENTATION ELECTED

Pursuant to the following section of §297 4(a) of the N.Y. Executive Law, Article 15:

"The case in support of the complaint shall be presented by one of the attorneys or agents of the division and, <u>at the option of the complainant</u>, by his or her attorney. With the consent of the division, the case in support of the complainant may be presented solely by his or her attorney."

I, Mynor Federico Nunez Baltazar, elect to exercise the option of having the case in support of my Complaint presented solely by a private attorney of my choice. My attorney of choice will contact the NYDHR soon. I ask the NYDHR and specifically Arlyne R. Zwyer, Esq. to please refrain from depriving me of my Rights Under Color of Law. The instant Complaint is multi-layered, complicated and forms part of Torts that the NYDHR are not authorized to bring to Court on my behalf. Having Arlyne R. Zwyer, Esq. represent this matter will severely prejudice me in the other interrelate Torts.

## NOTICE OF RESCISSION

I, Mynor Federico Nunez Baltazar, hereby rescind any and all tentative Agreements to discontinue with prejudice the Small Claims Court proceeding (Index No. 1422/14). Do not send me $215. All correspondence from Respondents will be "**Return to Sender**". You may contact my new Attorney upon Notice of Appearance.

## DEMAND LETTER

I, Mynor Federico Nunez Baltazar, am willing to discontinue all of my Complaints against Respondents in exchange for **$115,000.00**. If we do not settle before a Complaint is filed in Federal Court I will direct my attorney to accept no Settlements and go to Trial. If protracted litigation is chosen, expect the headline "Liar at Lantern Organization Accused of Discrimination", with the picture of Cathy Lee Batista and Laura Lazarus embedded therein.

By: _[signature]_
_____
Mynor Federico Nunez Baltazar 8/12/2014

cc:   Laura Lazarus, Cathy Lee Batista, Derwin Bullard, Leroy Thomas, Eric H. Kahan

April 8, 2015

Mynor Federico Nunez Baltazar
3859 Third Avenue, Apt# 808
Bronx, NY 10457

RECEIVED

External Affairs

Division of Human Rights
Att: Lisa Peters
One Fordham Plaza, 4th Floor
Bronx, New York 10458

Re:   Mynor Nunez v. Lantern Management
Group, LLC., Cathy Lee Batista
Case No. 10166310

~~Continued Retaliatory Action~~ Typo *Mynor Nunez*

1. I received your Certified Letter, providing me a deadline of April 15th 2015 to reply.

2. As expressed in my 8/12/2014 letter to Arlyne R. Zwyer, Esq. of the NYDHR I elect Private Representation. The following is a verbatim text from that letter:

### PRIVATE REPRESENTATION ELECTED

*Pursuant to the following section of §297 4(a) of the N.Y. Executive Law, Article 15:*

> "The case in support of the complaint shall be presented by one of the attorneys or agents of the division and, <u>at the option of the complainant</u>, by his or her attorney. With the consent of the division, the case in support of the complainant may be presented solely by his or her attorney."

*I, Mynor Federico Nunez Baltazar, elect to exercise the option of having the case in support of my Complaint presented solely by a private attorney of my choice. My attorney of choice will contact the NYDHR soon. I ask the NYDHR and specifically Arlyne R. Zwyer, Esq. to please refrain from depriving me of my Rights Under Color of Law. The instant Complaint is multi-layered, complicated and forms part of Torts that the NYDHR are not authorized to bring to Court on my behalf. Having Arlyne R. Zwyer, Esq. represent this matter will severely prejudice me in the other interrelate Torts.*

3. I am utterly dissatisfied with the work the NYDHR Attorneys have done so far.